IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL. NO. 03-00571 SPK LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | UNITED STATES' MOTION TO |
| vs. | ) | STRIKE CLAIMANT MICHAEL |
| | ) | ELLIOT'S CLAIM AND ANSWER; |
| SIXTEEN THOUSAND NINE HUNDRED DOLLARS ($16,900.00) IN UNITED STATES CURRENCY; ONE THOUSAND SIX HUNDRED DOLLARS ($1,600.00) IN UNITED STATES CURRENCY; AND ONE WHITE 2003 NISSAN XTERRA BEARING HAWAII LICENSE PLATE NUMBER NBJ748 AND VEHICLE IDENTIFICATION NUMBER 5N1ED28Y23C642072, | ) ) ) ) ) ) ) ) ) | EXHIBITS "A"-"C" |
| Defendants. | ) | |
| _____ | ) ) | |
| BASHO ELLIOT, MICHAEL ELLIOT, LIANE RENEE CURTISS, | ) ) ) | |
| Claimants. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION
TO STRIKE CLAIMANT MICHAEL ELLIOT'S CLAIM AND ANSWER

By this motion, the United States seeks an order striking the claim and answer filed by Claimant Michael Elliot because he cannot satisfy his threshold burden of proving standing and entering a judgment on the pleadings against Claimant Michael Elliot and in favor of the United States. See Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

I.   STATEMENT OF FACTS

This civil forfeiture case arose out of a criminal investigation that led to the prosecution and conviction of Basho Elliot and John Meston on federal drug charges.

   A.   Background/The Criminal Case.

On May 1, 2003, the Burbank Airport Narcotics Enforcement Team intercepted a suspicious Federal Express parcel. The sender was listed as "Marcos Santas", with no address and a telephone number of (818) 216-2701, and the recipient was listed as "Adam Stevens" of 116 Kapunakea Street, Lahaina, Maui, Hawaii, with a telephone number of (808) 709-1707. The parcel was forwarded on to the Hawaii Airport Task Force (HATF) for further investigation. See Complaint at ¶ 5(a).

On May 5, 2003, the HATF obtained a search warrant for the parcel. Among other things, two rectangular-shaped objects wrapped in clear plastic wrap, carbon paper, grey duct tape and vacuum-sealed in clear plastic were found in the parcel. The two rectangular-shaped objects had a gross weight of approximately 2499 grams and contained more than 500 grams of cocaine (confirmed by a positive field-test). Subsequent laboratory testing confirmed that the parcel contained 2003 grams of a substance containing cocaine at 87% purity (or 1743 grams of pure cocaine). Id. at ¶ 5(b).

On May 6, 2003, the HATF conducted a controlled delivery of the Federal Express parcel at the residence located at 116 Kapunakea Street, Lahaina, Maui, Hawaii. An anticipatory search warrant for the residence and a warrant to install a monitoring device inside the parcel were also obtained. Anita Yim accepted the parcel and placed it inside her carport. Approximately a half hour later, John Meston, who also resided at that address, arrived home and retrieved the parcel from the carport and placed it into his pickup truck. Meston then left in his truck and drove to 145 Kaniau Road, and delivered the parcel to Basho Elliot at that address. Id. at ¶ 5(d). When the monitoring device activated, indicating that the Federal Express parcel had been opened, Meston and Basho Elliot were found with the opened parcel inside a workshop located to the rear of the property and arrested. Id. at ¶ 5(e).

On May 14, 2003, both men were indicted in a one-count federal indictment. See United States v. Basho Elliot, et al., Cr. No. 03-00244 SOM (hereinafter the "Criminal Case"). On October 3, 2003, John Meston entered into a Memorandum of Plea Agreement whereby he admitted that on May 6, 2003, he had knowingly and intentionally aided and abetted Basho Elliot in attempting to posses with intent to distribute 500 grams or more of a substance containing cocaine, by taking delivery of a parcel that he knew contained drugs for distribution, as opposed to

3

personal use, and by transporting that parcel to Elliot's residence. A true and accurate copy of John Meston's Memorandum of Plea Agreement, filed in the Criminal Case on October 3, 2003, is attached hereto as Exhibit "A" for the Court's convenience.[1] See also Complaint at ¶ 5(f). On December 3, 2003, a two-count First Superseding Indictment was returned against Basho Elliot in the Criminal Case.

    B.    <u>The Civil Forfeiture Case</u>.

The instant civil forfeiture action was filed against the following defendant properties on October 22, 2003:

1. $16,900.00 in United States currency;

2. $1,600.00 in United States currency; and

3. One white 2003 Nissan Xterra bearing Hawaii license plate number NBJ748 and vehicle identification number 5N1ED28Y23C642072

(hereinafter collectively referred to as the "defendant properties"). In its verified Complaint, the government alleged that the defendant properties were subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), as money or things of value furnished or intended to be furnished in exchange for a controlled substance; as money or things of value used or intended to be used to facilitate a controlled substance transaction; or as proceeds traceable to an exchange of a

---

[1] John Meston's Memorandum of Plea Agreement was referenced in the verified Complaint filed herein at ¶ 5(j).

4

controlled substance for something of value in violation of Subchapter 1, Chapter 13 of Title 21, United States Code. See Complaint at ¶ 5.

Notice of this forfeiture action was served upon Basho Elliot, his then girlfriend and now wife, Liane Curtiss, John Meston, Anita Yim and the Nissan Motor Acceptance Corporation, and was duly published in the Honolulu Advertiser. On November 17, 2003, Basho Elliot, his father, Michael Elliot, and Liane Renee Curtiss each filed an answer. A true and accurate copy of Claimant Michael Elliot's answer is attached hereto as Exhibit "B" for the Court's convenience. Nissan Motor Acceptance Corporation contacted the United States to assert a claim based on its lien on the defendant 2003 Nissan Xterra. No other claims or answers were received or filed, and consequently, default was entered herein on March 3, 2004, against all persons and entities claiming any interest in the defendant properties, except Claimants Basho Elliot, Michael Elliot, Liane Renee Curtiss, and Nissan Motor Acceptance Corporation.[2] On March 16, 2004, Claimants Basho Elliot, Michael Elliot, Liane Renee Curtiss filed

---

[2] By stipulation and order, Claimants Basho Elliot and Liane Renee Curtiss were permitted to substitute $15,000.00 in lieu of the defendant vehicle. See Stipulation for Substitution of Cash for Defendant Vehicle; Order entered herein on November 30, 2004. Part of the $15,000.00 was used to satisfy Nissan Motor Acceptance Corporation's claim, and the remaining $8,866.33 was substituted for the defendant vehicle as the defendant res in this case.

verified claims of ownership.  A true and accurate copy of Claimant Michael Elliot's claim and affidavit[3] are attached hereto as Exhibit "C" for the Court's convenience.  By stipulation and order dated May 4, 2005, the civil forfeiture proceedings were stayed pending the resolution of the Criminal Case.

Following a mistrial and an interlocutory appeal in the Criminal Case, Basho Elliot was convicted by a jury on the two counts in the First Superseding Indictment on March 12, 2007, and Judgment was entered against him on June 29, 2007.  As a result of Basho Elliot's conviction, the stay in this civil forfeiture case was lifted by minute order dated July 23, 2007.

II.  ARGUMENT

By this motion, the United States seeks to strike the claim and answer filed by Claimant Michael Elliot, in which he attempts to assert a claim to some portion of the defendant $16,900.00 and none of the other defendant properties.  The Court must strike Claimant Michael Elliot's claim and answer because he cannot sustain his threshold burden of proving that he has standing -- i.e., that he is a true owner of a specific interest in the defendant $16,900.00 -- independent and separate from the claims asserted by his son, Basho Elliot.

---

[3] The affidavits of Basho Elliot and Liane Renee Curtiss have been intentionally omitted as irrelevant to this motion.

    A.    <u>Legal Standards</u>.

        1.    <u>Supplemental Rule G(8)(c) Motion To Strike</u>.

Supplemental Rule G(8)(c) authorizes the government to file a motion to strike a claim and/or answer if the claimant lacks standing. Supplemental Rule G(8)(c)(ii)(B) provides that a motion to strike "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." The Advisory Committee Notes explaining Supplemental Rule G(8)(c)(ii) state that "[a] claimant who lacks standing is not entitled to challenge the forfeiture on the merits," and further provide:

> <u>If a claim fails on its face to show facts that support claim standing, the claim can be dismissed by judgment on the pleadings.</u> If the claim shows facts that would support claim standing, those facts can be tested by a motion for summary judgment. <u>If material facts are disputed, precluding a grant of summary judgment, the court may hold an evidentiary hearing. The evidentiary hearing is held by the court without a jury. The claimant has the burden to establish claim standing at a hearing</u>; procedure on a government summary judgment motion reflects this allocation of the burden.

<u>See</u> Advisory Committee Notes to Supplemental Rule G(8)(c)(ii). (2006 Adoption)(emphasis added).

        2.    <u>Judgment On The Pleadings</u>.

Supplemental Rule G(8)(c)(ii)(B) provides that a motion to strike "may be presented as a motion for judgment on the

pleadings." Fed. R. Civ. P. 12(c) permits a party to move to dismiss a suit after the pleadings are closed but within such time as not to delay the trial. "Judgment on the pleadings is proper when taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006); United States v. $97,667.00 in U.S. Currency, 538 F. Supp. 2d 1246, 1249 (C.D. Cal. 2007). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) judgment on the pleadings is essentially the same as for a Rule 12(b)(6) motion. $97,667.00, 538 F. Supp. 2d at 1249. Thus, dismissal is appropriate if the non-moving party fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989), cert. denied, 496 U.S. 906 (1990). A complaint may be dismissed as a matter of law for either of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a

8

cognizable legal theory.  See Balistreri, 901 F.2d at 699.

Regarding a Rule 12(b)(6) motion to dismiss, courts must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs."  In re Daou Systems, Inc. Securities Litigation, 397 F.3d 704, 709-10 (9th Cir. 2005).  However, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (citations omitted).  Courts are not required to accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or are "merely conclusory, unwarranted deductions of fact or unreasonable inferences."  Cholla Ready Mix, Inc. V. Civish, 382 F.3d 969, 973 (9th Cir. 2004).  See also Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 429 U.S. 1031 (1981)(court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").

> B.  The Court Must Strike Claimant Michael Elliot's Claim and Answer Because He Has No Standing To Contest The Forfeiture of The Defendant $16,900.00.

Standing is a threshold issue on which the claimant bears the burden of proof in every civil forfeiture case.  United States v. Real Property Located at 5208 Los Franciscos Way, 385

F.3d 1187, 1191 (9th Cir. 2004)(claimant must establish a "colorable interest in the property, for example by showing actual possession, control, title, or financial stake").  The claimant must establish his standing with admissible evidence. See, e.g., United States v. $100,348, 354 F.3d 1110, 1118-19 (9th Cir. 2004)(because "the danger of false claims in these proceedings is substantial," courts require more than "conclusory or hearsay allegations of some interest in the forfeited property."); Mercado v. U.S. Customs Service, 873 F.2d 641 (2d Cir. 1989)(same).  Standing is a question of law to be determined by the court and not a jury.  See United States v. One Lincoln Navigator, 328 F.3d 1011, 1014 (8th Cir. 2003); United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 78 (2d Cir. 2002).

In the instant case, the verified Complaint alleges that the defendant $16,900.00 was seized on May 6, 2003, from Basho Elliot's residence located at 145 Kaniau Road, Maui, Hawaii.  See Complaint at ¶ 5(e).  The defendant $16,900.00 was found inside a safe, located in an office closet, and 30.6 grams of marijuana were recovered from the same office closet.  Id.  It is undisputed that Claimant Michael Elliot was not present or in possession of any portion of the defendant $16,900.00 at the time it was seized.  Other than his conclusory statement that he is "an owner and Claimant, along with my son Basho Elliot and his

girlfriend Liane Renee Curtiss," see Affidavit of Michael Elliot in support of Verified Claims of Ownership filed on March 16, 2004 (Exhibit "C"),[4] nothing in Michael Elliot's claim or answer explains the factual basis of his claim or establishes that he had any actual possession or control of, title to, or financial stake in the defendant $16,900.00.  While Claimant Michael Elliot may attempt to argue that he loaned non-drug-related money to his son, such allegations -- even if true[5] -- at best would only establish that he was a general unsecured creditor of Basho Elliot.  Unlike secured creditors who have an interest in specific property, general unsecured creditors cannot claim an interest in any particular asset of a debtor's estate, and for this reason, federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtor's property.  See, e.g., United States v. $20,193.39 U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994) (general creditors cannot claim interest in any specific property

---

[4] Because "the danger of false claims in these [forfeiture] proceedings is substantial," courts require claims to include more than "conclusory or hearsay allegations of some interest in the forfeited property." United States v. $100,348, 354 F.3d at 1118-19 (requiring claimant to establish standing with admissible evidence); see also Supplemental Rule G(5)(a)(i).

[5] The government disputes any allegation asserted by Claimants Basho Elliot, Michael Elliot and/or Liane Renee Curtiss that the defendant $16,900.00 constitutes legitimate, non-drug funds that Basho Elliot received from his father.

of debtor's estate and thus, lack standing to challenge the forfeiture of less than the debtor's entire estate); United States v. $26,620.00 in U.S. Currency, 2006 WL 949938, at *6 (N.D. Ga. 2006)(father, who claimed money seized from son was a loan, was an unsecured creditor without standing to contest the forfeiture because he was not an owner as defined in 18 U.S. C. § 983(d)(6); United States v. Approximately $44,888.35 in U.S. Currency, 385 F. Supp. 2d 1057, 1061 (E.D. Cal. 2005)(despite it right to recover charge-backs against merchant, credit card company had no interest in specific funds in merchant's bank account, and thus lacked standing to contest its forfeiture); United States v. $15,060 in U.S. Currency, 1999 WL 166847, at *2 (D. Or. 1999)(claimant who allegedly loaned money to defendant not knowing defendant intended to use it to facilitate drug trafficking was an unsecured creditor with no legal standing to contest the forfeiture of the seized funds).

    C.    The United States Is Entitled To A Judgment On The Pleadings Against Claimant Michael Elliot Because He Cannot Prove That He Is An Innocent Owner Under 18 U.S.C. § 983(d).

Even assuming that Claimant Michael Elliot proves that he has standing, in order to prevail on the merits in this forfeiture action, he has to prove that his alleged interest in the defendant $16,900.00 is the type of interest that Congress intended to protect from forfeiture under the innocent owner

defense, 18 U.S.C. § 983(d).[6] In order to assert the affirmative innocent owner defense under 18 U.S.C. § 983(d), a claimant must first establish that he is an owner of the subject property as defined by the statute. See, e.g., Sections 983(d)(1),(2)(A), and (6); United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 77 (2d Cir. 2002) (claimant who asserts innocent owner defense must prove ownership); United States v. $100,348 U.S. Currency, 157 F. Supp. 2d 1110, 1117-18 (C.D. Cal. 2001) (even if person from whom currency seized has standing to contest its forfeiture, if he is not owner of currency, his innocent owner defense must fail). Section 983(d)(6) expressly defines the term "owner" to mean "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold interest, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6)(A) (emphasis added). Section 983(d)(6)(B)(i) expressly provides that the term "owner" does not include "a

---

[6] Section 983(d) is an affirmative defense: "The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." 18 U.S.C. § 983(d)(1) (emphasis added). Thus, it is entirely possible for a claimant to establish a valid interest in a forfeited property yet fail to establish that his interest is protected under § 983(d). See, e.g., United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1014 (8th Cir. 2003) (even though claimants established standing, they may fail to establish that they were owners under Section 983(d)(6)); United States v. $9,041,598.68, 163 F.3d 238, 245 (5th Cir. 1998) (claimant had standing to contest forfeiture, but jury ultimately determined on the merits that claimant was not an owner entitled to relief under § 983(d)).

person with only a general unsecured interest in, or claim against, the property or estate of another."

As noted above, Claimant Michael Elliot is at best a general unsecured creditor of his son, Basho Elliot, and consequently, is not included in the category of innocent owners protected by the CAFRA, 18 U.S.C. § 983(d)(6).  Accordingly, this Court must find that Claimant Michael Elliot cannot assert a cognizable legal theory to prevail on his claim, and thus, the United States is entitled to the entry of a judgment on the pleadings against Claimant Michael Elliot.

III.  CONCLUSION

Based on the foregoing, the Court should strike the claim and answer filed by Claimant Michael Elliot because he cannot prove his standing to contest the forfeiture of the defendant $16,900.00.  Alternatively, the Court should enter judgment on the pleadings against Claimant Michael Elliot and in favor of the United States.

DATED:  May 9, 2008, at Honolulu, Hawaii.

```
                                EDWARD H. KUBO, JR.
                                United States Attorney
                                District of Hawaii


                                     /s/ Rachel S. Moriyama
                                By _____
                                   RACHEL S. MORIYAMA
                                   Assistant U.S. Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
```