EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CONSTANCE A. HASSELL #3374
Assistant U.S. Attorney
Room 6-100, PJKK Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808)541-2850
Facsimile:  (808)541-2958
Constance.Hassell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 3 2003

at __ o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 03-00244 SOM |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | |
| JOHN MESTON,           (02)<br>  aka "John Theodore Meston,"<br>  aka "John T. Meston," | Date:  October 3, 2003<br>Time:  1:30 p.m.<br>Judge: Susan Oki Mollway |
| Defendant. | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, JOHN MESTON, aka "John Theodore Meston " and "John T. Meston," (hereinafter "Defendant" or "MESTON"), and his attorney, Jonathan E. Burge, Esq., have agreed upon the following:

**EXHIBIT "A"**

1.  Defendant acknowledges that he is one of the two persons charged in the Indictment returned May 14, 2003 (hereinafter "Indictment") with the following crime:

On or about May 6, 2003, in the District of Hawaii, Defendants BASHO ELLIOT, also known as "Bosch Elliot," and JOHN MESTON, also known as "John Theodore Meston," and "John T. Meston," did knowingly and intentionally aid and abet each other in attempting to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

2.  Defendant has read the allegations against him charged in the Indictment, and those allegations have been fully explained to him by his attorney. In making his decision to plead guilty pursuant to this Agreement, Defendant has had the full opportunity to discuss this case with his undersigned defense attorney, and he is completely satisfied with his attorney's legal advice and representation in this case.

3.  Defendant fully understands the nature and elements of the crime with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to the charge in the Indictment, i.e., knowingly and intentionally aiding and abetting Basho Elliot, aka "Bosch Elliot," in attempting to possess with the intent to distribute 500 grams or

2

more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of knowingly and intentionally aiding and abetting Basho Elliot aka "Bosch Elliot," in attempting to possess with intent to distribute 500 grams or more of cocaine, its salts, optical and geometric isomers, and salts of isomers, as charged in the Indictment, and he agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the statutory penalties for the offense to which he is pleading guilty include:

   a. A term of imprisonment of a minimum of five (5) years and up to 40 years, a fine of up to $2,000,000, or both, and a term of supervised release of at least four (4) years and up to life.

   b. At the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (i) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (ii)

for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

        c. In addition, the Court must impose a $100 special assessment as to the count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the United States District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

        8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

On or at some time before May 6, 2003, Defendant agreed with Basho Elliot (Elliot) to accept delivery of a parcel to be delivered to his residence address in Lahaina, Maui, Hawaii. The parcel originally contained a substance later determined by the Drug Enforcement Administration Laboratory to

4

be 2003 grams of a substance containing cocaine at 87% purity (or 1743 grams of pure cocaine), which had been removed by law enforcement agents and replaced with a pseudo-substance before delivery. Defendant took possession of the package after it was delivered to his address on May 6, 2003, and then transported it to Elliot's residence. Defendant knew the parcel contained drugs and that they were for distribution, as opposed to personal use.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing. This is because the Defendant is pleading guilty to the Indictment.

10. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.

The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (a) to argue to the contrary in the event of receipt of new information relating to those issues,

and (b) to call and examine witnesses on those issues in the event that either the Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.  The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

   a.  The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.   If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

      c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

      13.   The Defendant understands that the District Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines. Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

      14.   The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to

consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty, he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing

all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

16.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant agrees that he will fully cooperate with the United States.

   a. He agrees to testify truthfully and completely at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings. The latter can include forfeiture proceedings in which Defendant may be called upon to testify in depositions, trials, and other evidentiary hearings.

   b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful

and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

        c.    Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

        d.    Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

        e.    Defendant will not commit any violation of Federal, State or local laws.

        21.    In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense:

    a. The decision whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED: Honolulu, Hawaii, October 3, 2003.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

_____
CONSTANCE A. HASSELL
Assistant U.S. Attorney

_____
JOHN MESTON
Defendant

_____
JONATHAN E. BURGE, ESQ.
Attorney for JOHN MESTON

12