# ORIGINAL

EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawaii

# LODGED

RACHEL S. MORIYAMA   (3802)
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850-6100
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  rachel.moriyama@usdoj.gov

SEP 09 2008

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 12 2008

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        vs.<br><br>SIXTEEN THOUSAND NINE HUNDRED DOLLARS ($16,900.00) IN UNITED STATES CURRENCY; ONE THOUSAND SIX HUNDRED DOLLARS ($1,600.00) IN UNITED STATES CURRENCY; AND ONE WHITE 2003 NISSAN XTERRA BEARING HAWAII LICENSE PLATE NUMBER NBJ748 AND VEHICLE IDENTIFICATION NUMBER 5N1ED28Y23C642072,<br><br>                Defendants.<br><br>BASHO ELLIOT, MICHAEL ELLIOT, LIANE RENEE CURTISS, and NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>                Claimants. | CIV. NO. 03-00571 SPK LEK<br><br>STIPULATION FOR COMPROMISE SETTLEMENT; ORDER, EXHIBIT "A" |

STIPULATION FOR COMPROMISE SETTLEMENT

IT IS HEREBY STIPULATED by and between Plaintiff UNITED

STATES OF AMERICA and Claimants BASHO ELLIOT, LIANE ELLIOT,

formerly known as "Liane Renee Curtiss" (hereinafter "LIANE
ELLIOT") and MICHAEL ELLIOT that their claims to the above-
captioned defendant properties be settled and compromised in
accordance with the following terms:

RECITALS

      1.   On October 22, 2003, the United States filed a
Complaint for Forfeiture against the following defendant
properties:

      (a)   $16,900.00 in United States currency;

      (b)   $1,600.00 in United States currency; and

      (c)   One white 2003 Nissan Xterra bearing
            Hawaii license plate number NBJ748
            and vehicle identification number
            5N1ED28Y23C642072

(hereinafter collectively referred to as the "defendant
properties").

      2.   The defendant properties were arrested by the United
States Marshals Service on December 17, 2003.

      3.   On October 24, 2003, a notice letter and a copy of
the Complaint for Forfeiture; Verification of Russell Woodward;
Warrant of Arrest In Rem was served upon Basho Elliot via
certified mail, return receipt requested.  The return receipt
indicated Basho Elliot received the documents on October 27, 2003.

      4.   On October 24, 2003, a notice letter and a copy of
the Complaint for Forfeiture; Verification of Russell Woodward;
Warrant of Arrest In Rem was served upon Liane Curtiss via
certified mail, return receipt requested.  The return receipt

2

indicated Liane Curtiss (now known as Liane Elliot) received the documents on October 27, 2003.

5.    On January 6, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Russell Woodward; Warrant of Arrest In Rem was served upon John Meston via certified mail, return receipt requested.  The return receipt indicated John Meston received the documents on January 10, 2004.

6.    On January 6, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Russell Woodward; Warrant of Arrest In Rem was served upon Anita Yim via certified mail, return receipt requested.

7.    On January 7, 2004, a notice letter and a copy of the Complaint for Forfeiture; Verification of Russell Woodward; Warrant of Arrest In Rem was served upon Nissan Motor Acceptance Corporation via certified mail, return receipt requested.  The return receipt indicated the documents were received January 12, 2004.

8.    The Notice of Arrest was published in the Honolulu Advertiser on January 9, 2004, January 16, 2004, and January 23, 2004.

9.    In accordance with 18 U.S.C. § 983 and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the last day for filing claims was February 23, 2004, with answers due within 20 days of filing a claim.

10.    Claimants BASHO ELLIOT, LIANE ELLIOT, and MICHAEL ELLIOT each filed an answer on November 17, 2003; and BASHO

3

ELLIOT, LIANE ELLIOT, and MICHAEL ELLIOT each filed a verified claim on March 16, 2004,.

11.  Nissan Motor Acceptance Corporation contacted the United States and asserted a claim based on its lien on the defendant 2003 Nissan Xterra.

12.  No claims or answers, other than the claims and answers filed by Claimants BASHO ELLIOT, LIANE ELLIOT, MICHAEL ELLIOT, and Nissan Motor Acceptance Corporation were received or filed, and on March 3, 2004, default was entered against all persons and entities claiming any interest in the above-captioned defendant property, except Claimants BASHO ELLIOT, LIANE ELLIOT, MICHAEL ELLIOT and Nissan Motor Acceptance Corporation.

13.  By stipulation and order entered herein on November 30, 2004, Claimants BASHO ELLIOT and LIANE ELLIOT were permitted to substitute $15,000.00 in lieu of the forfeiture of the defendant 2003 Nissan Xterra.  See Stipulation for Substitution of Cash for Defendant Vehicle; Order entered on November 30, 2004.  Part of the $15,000.00 was used to fully satisfy Nissan Motor Acceptance Corporation's claim.  The defendant 2003 Nissan Xterra was returned to Claimants BASHO ELLIOT and LIANE ELLIOT and the remaining $8,866.33 was substituted for the defendant 2003 Nissan Xterra as the defendant res in this case.

14.  As a result of the events described in Paragraph 13 above, the parties are asserting competing claims to properties totaling $27,366.33 (hereinafter referred to as the

4

"Subject Properties"), calculated as follows:

    (a)   $16,900.00 in United States currency;

    (b)   $1,600.00 in United States currency; and

    (c)   $8,866.33 in United States currency, which constitutes the net funds that were substituted in place of the defendant 2003 Nissan Xterra.

    15.  On May 9, 2008, the United States filed a Motion to Strike Claimant MICHAEL ELLIOT'S Claim and Answer. By Order dated June 18, 2008, the Court granted the motion.

    16.  In light of the foregoing recitals, and to avoid the cost, delay, and uncertainty inherent in litigating this civil forfeiture action, the parties agree to settle and resolve their claims regarding the Subject Properties as set out in this Stipulation.

<u>TERMS AND CONDITIONS OF SETTLEMENT</u>

    17.  <u>Reasonable Cause</u>. Claimants BASHO ELLIOT, LIANE ELLIOT and MICHAEL ELLIOT each agree that there was reasonable cause for the seizure and arrest of the defendant properties.

    18.  <u>Disposition of the Subject Properties</u>.

    (a)  In full and final compromise and settlement of their competing claims to the Subject Properties, the parties agree to the following:

    (1)   The United States shall return to Claimants BASHO ELLIOT, LIANE ELLIOT, and MICHAEL ELLIOT $1,500.00 of the Subject Properties within thirty (30) business days from the Effective Date of this Stipulation;

    (2)   Claimants BASHO ELLIOT, LIANE ELLIOT and MICHAEL ELLIOT each agree to forfeit to the United States all of their respective right, title and interest

5

in and to the remaining $25,866.33 of the Subject
Properties, pursuant to 21 U.S.C. § 881(a)(6); and

(3)  Claimants BASHO ELLIOT, LIANE ELLIOT and MICHAEL
ELLIOT each understand and agree that the United
States Marshals Service shall dispose of the
forfeited $25,866.33 of the Subject Properties in
accordance with law.

(b)  Upon the Court's approval and entry of this
Stipulation, the United States Marshals Service is hereby
authorized to dispose of the forfeited $25,866.33 of the Subject
Properties in accordance with law.

(c)  Upon the Court's approval and entry of this
Stipulation, the parties shall file a Final Judgment and Decree
of Forfeiture in the form attached hereto as Exhibit "A".

19.  <u>Cooperation</u>.  The parties agree to prepare and
execute all documents necessary to implement the terms of this
Stipulation, including but not limited to the Final Judgment and
Decree of Forfeiture.

20.  <u>Release and Hold Harmless</u>.

(a)  Claimants BASHO ELLIOT, LIANE ELLIOT, and MICHAEL
ELLIOT each hereby fully and finally release, dismiss, and
forever discharge the United States, the City and County of
Honolulu, and each of their respective agencies, officers,
agents, and employees, from any and all claims, causes of action,
liens, lawsuits, liabilities, losses and damages, including
interest, attorney's fees, costs and expenses, of any kind and
every nature whatsoever, regardless of legal theory, and however
denominated, whether known or unknown, suspected or unsuspected,
past or future, which Claimants BASHO ELLIOT, LIANE ELLIOT and

6

MICHAEL ELLIOT has asserted or could have asserted against the
United States, the City and County of Honolulu, and each of their
respective agencies, officers, agents, and employees, relating to
or arising out of the facts set out in the Complaint, the
seizure, arrest, detention, release and/or forfeiture of the
defendant properties and/or this Stipulation.

(b)   Claimant BASHO ELLIOT hereby agrees to hold the
United States, the City and County of Honolulu, and each of their
respective agencies, officers, agents, and employees, harmless
from any claims made by third parties based on Claimant BASHO
ELLIOT's acts or omissions relating to or arising out of the
facts set out in the Complaint, the seizure, arrest, detention,
release and/or forfeiture of the defendant property and/or this
Stipulation.

(c)   Claimant LIANE ELLIOT hereby agrees to hold the
United States, the City and County of Honolulu, and each of their
respective agencies, officers, agents, and employees, harmless
from any claims made by third parties based on Claimant LIANE
ELLIOT's acts or omissions relating to or arising out of the
facts set out in the Complaint, the seizure, arrest, detention,
release and/or forfeiture of the defendant property and/or this
Stipulation.

(d)   Claimant MICHAEL ELLIOT hereby agrees to hold the
United States, the City and County of Honolulu, and each of their
respective agencies, officers, agents, and employees, harmless
from any claims made by third parties based on Claimant MICHAEL

ELLIOT's acts or omissions relating to or arising out of the facts set out in the Complaint, the seizure, arrest, detention, release and/or forfeiture of the defendant property and/or this Stipulation.

21.  No Compulsion.  The parties each represent that this Stipulation is entered into with full knowledge of the events described herein.  The parties each further represent and acknowledge that this Stipulation is freely and voluntarily entered into without any degree of duress or compulsion whatsoever, in order to avoid the cost, delay, and uncertainties of litigating this action.

22.  Costs.  The parties each agree to bear their own costs, expenses, and attorney's fees incurred in connection with this action, including the preparation and performance of this Stipulation.

23.  Modification.  This Stipulation shall not be altered, amended, modified, or otherwise changed, in any respect whatsoever, except by writing duly executed by the parties hereto.  Each of the parties hereto represents that it will make no claim at any time that this Stipulation has been orally altered or modified in any respect whatsoever.

24.  Counterparts.  This Stipulation may be signed in counterparts.

25.  Effective Date.  This Stipulation shall be effective on the date the Court approves and files it.  The parties understand and agree that, notwithstanding the entry of a

8

final judgment, this Court shall retain jurisdiction over the

implementation of the terms and conditions of this Stipulation.

DATED:    September 9, 2008 , at Honolulu, Hawaii.

                                          EDWARD H. KUBO, JR.
                                          United States Attorney
                                          District of Hawaii


_____         By _____
BASHO ELLIOT                              RACHEL S. MORIYAMA
Claimant                                  Assistant U.S. Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA


_____
LIANE ELLIOT
Claimant



_____
MICHAEL ELLIOT
Claimant


APPROVED AS TO FORM
AND CONTENT:


_____
MICHAEL GREEN, ESQ.

Attorney  for  Claimants
BASHO ELLIOT, LIANE ELLIOT
and MICHAEL ELLIOT

APPROVED AND SO ORDERED:



_____
UNITED STATES DISTRICT JUDGE


USA v. $16,900.00 in U.S. Currency, etc.; Civ. No. 03-00571 SPK
LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A""

9

final judgment, this Court shall retain jurisdiction over the
implementation of the terms and conditions of this Stipulation.

DATED: _____, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
BASHO ELLIOT
Claimant

By_____
    RACHEL S. MORIYAMA
    Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____
LIANE ELLIOT
Claimant

_____
MICHAEL ELLIOT
Claimant

APPROVED AS TO FORM
AND CONTENT:

_____
MICHAEL GREEN, ESQ.

Attorney for Claimants
BASHO ELLIOT, LIANE ELLIOT
and MICHAEL ELLIOT

APPROVED AND SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

USA v. $16,900.00 in U.S. Currency, etc.; Civ. No. 03-00571 SPK
LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A""

9

final judgment, this Court shall retain jurisdiction over the
implementation of the terms and conditions of this Stipulation.

DATED: _____, at Honolulu, Hawaii.

> EDWARD H. KUBO, JR.
> United States Attorney
> District of Hawaii

By _____
    RACHEL S. MORIYAMA
    Assistant U.S. Attorney

_____
BASHO ELLIOT
Claimant

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____
LIANE ELLIOT
Claimant

_____
MICHAEL ELLIOT
Claimant

APPROVED AS TO FORM
AND CONTENT:

_____
MICHAEL GREEN, ESQ.

Attorney  for Claimants
BASHO ELLIOT, LIANE ELLIOT
and MICHAEL ELLIOT

APPROVED AND SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

USA v. $16,900.00 in U.S. Currency, etc.; Civ. No. 03-00571 SPK
LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A""